Bell, J.
This is an action in equity, at the time of the filing of the original petition was an action for the specific performance of a contract made by the defendant with the plaintiff for the sale of real estate, the plaintiff praying for the specific performance of that contract with an abatement of part of the agreed purchase price; after the issues had been made up by the various pleadings, the case was tried and submitted to this court, at which time a visiting judge presided. The judge to whom the cause was submitted never rendered an opinion and the cause was later submitted to the writer upon the pleadings and the evidence adduced before the visiting judge.
The peculiar nature of the pleadings and the relief prayed for by the parties necessitates a somewhat full review of all of the pleadings.
On October 22, 1929, the plainiff filed its petition alleging, among other things, that on August 9, 1929, the plaintiff and the defendant had entered into a contract whereby the defendant agreed to lease to plaintiff for ten years, *442 with a privilege of purchase, certain property described as follows:
“Located at 4640 Main avenue, Norwood, Ohio, consisting of a store and two five room apartments, on a lot approximately twenty-six feet front by one hundred and seventy feet deep.”
The purchase price was to be fifty-five thousand dollars, of which ten thousand dollars was to be payable at the time of the lease, and six per cent payable monthly, in advance, upon the balance of the purchase price, which amount was two hundred and twenty-five dollars ($225.00) per month. Plaintiff paid one thousand dollars earnest money, and on the fifth day of October, 1929, recorded the contract. On the ninth day of the same month, the date of the expiration of the option, the plaintiff tendered $9225. In the meantime, plaintiff h_ad the lot surveyed and ascertained the dimensions were 25.18 feet front, 161.22 feet deep on one side and 168.09 on the other, with a width of 14.83 feet. Also, there was a jog approximately nine by fifty feet off one side in the rear of the property, and plaintiff claims that this made a twenty per cent deficiency in the area called for by the contract. At the time the plaintiff tendered the $9225 it demanded an abatement of five thousand dollars in the purchase price, and a corresponding abatement in the monthly payments. To this request the defendant refused to accede.
On November 22, 1929, the defendant filed an answer and cross-petition in which it admitted the measurements of the lot as stated by the plaintiff, but asserted that the president of the plaintiff company was familiar with the measurements at the time of accepting the opinion, that the option was for a single parcel known by a street number, and that the size of the lot was not described by metes and bounds but was only approximated in the option. The defendant further set forth that she tendered a lease for the parcel described in the option, which the plaintiff refused to accept. By way of cross-petition the defendant claimed that the recording of the contract between the parties constituted a cloud upon her title and prayed that the contract be cancelled.
*443 On December 13, 1929, plaintiff filed a reply to the answer and answer to the cross-petition which was, in substance, a general denial of the allegations contained in the defendant’s pleading. At this stage of the proceeding, to-wit: on December 13, 1929, the plaintiff was still asking for the specific performance of the contract with an abatement of five thousand dollars from the purchase price and long before the last mentioned date the plaintiff company was in full possession of all the facts with regard to the dimensions of the lot.
On May 9, 1930, the defendant filed an amended answer and cross-petition in which she stated she was ready and willing to perform said contract and prayed for the specific performance thereof.
On May tenth of the same year the plaintiff filed an amended petition and after reciting the allegations of his original petition, further alleges that there was a “hangover” of a building .34 inch for 77.20 feet on defendant’s property, rendering her unable to give a clear title, and the prayer of that pleading was that the contract be can-celled, that the one thousand dollars earnest money be returned and five thousand dollars damages.
It was then defendant filed a motion to strike the amended petition from the files and later withdrew that motion, and on June tenth filed an answer to the amended petition and a cross-petition in which, after again setting forth the full details of the matters above referred to, she pleads she could have sold the property for ten thousand dollars more than the contract price at the expiration of the option, but the prayer is one for specific performance of the contract.
On June sixteenth the plaintiff filed a reply to the answer of the amended petition and an answer to the cross-petition again setting forth the dimensions of the property and praying that the cross-petition might be dismissed; that the earnest money be ordered returned and that the plaintiff be awarded certain damages. The case was finally heard on these last mentioned pleadings in June, 1930, and no decision was ever rendered.
The pleadings upon which this case was tried were the amended petition of the plaintiff of May 10, 1930, the an *444 swer to that amended petition and the cross-petition of June tenth and the reply of June sixteenth.
It will be noted that the relief for which, the plaintiff originally prayed the court was equitable relief, that is, the specific performance of the contract with an abatement of five thousand dollars upon the purchase price. At that state of the case the defendant was seeking to be relieved of the contract and prayed the court that the contract should be declared void. That was in the year 1929. In the year 1930 the plaintiff was seeking to have the contract declared void, for the return of the earnest money and for five thousand dollars as damages; and the defendant at that time was praying the court to compel the plaintiff to specifically perform its contract. There are no allegations in any of the pleadings as to why the parties to this lawsuit, during its course, exactly reversed their positions and their actions in this case can only be explained by the fact that in the latter part of 1929 the values of all commodities, including real estate, began a very decided decline, and the attitude of the parties to this case would seem to be more influenced by the decline of values in property than any desire of either of the parties to live up to the contract.
The question then to be considered and determined is: whether or not either of these parties is entitled to any relief at the hands of a court in equity. It is a fundamental principle of equity that specific performance cannot be demanded as a matter of right, and whether or not it should be granted is a matter which rests in the second discretion of the court.
The court has arrived at the conclusion that these litigants, as revealed by their pleadings, are not entitled to any relief at the hands of a court of equity. The court will leave the parties to this litigation where it found them to enforce any rights which they claim to have in an action at law.
A decree may be drawn dismissing the amended petition of the plaintiff, the answer and cross-petition of the defendant, and the costs will be taxed against the plaintiff who instituted this litigation.